UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARCY K. JONES,

      Plaintiff,

v.                                           CASE NO.:  05-CV-2087-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.
_____/

## ORDER

      Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying her Disability Insurance Benefits ("DIB").[1] Essentially, Plaintiff argues the Administrative Law Judge ("ALJ") erred by 1) improperly evaluating Plaintiff's complaints of pain;  2) improperly assessing her credibility; and 3) failing to apply SSR 96-2p.  After considering the record, I find that the ALJ applied the correct legal standards and the decision is supported by substantial evidence.  Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*Background*

      Plaintiff, who has a college degree in biblical studies and work experience as a computer analyst, technical writer and technical trainer, alleges she became disabled on February 15, 2001, due to heart problems, high blood pressure, and back problems.  She was fifty-two years old at the time the ALJ rendered his decision denying her benefits.  Plaintiff first filed for disability benefits on July 30, 2002,, and after the ALJ found Plaintiff not disabled and capable of performing her past

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 11).

relevant work, she filed this lawsuit. The case is now ripe for review.

*Standard of Review*

To be entitled to disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20

C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1. ALJ properly evaluated Plaintiff's pain complaints*

Plaintiff claims the ALJ erred by discrediting her testimony and her subjective complaints of pain without adequately discussing his reasons for doing so. She further contends the ALJ erred in relying on her daily activities as a basis for rejecting her testimony concerning the severity of her pain. In response, the Commissioner asserts that the ALJ discussed application of the pain standard while assessing Plaintiff's medical evidence, including her treating doctor's records, before concluding her testimony was not credible.

It is within the ALJ's discretion to determine whether a claimant's subjective allegations are credible. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The standard for evaluating

subjective pain in the Eleventh Circuit requires: (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). And if the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so. *Foote,* at 1561. In assessing Plaintiff's credibility, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. § 404.1529. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. § 404.1528. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 404.1512(b)(2)-(6).

During the July 13, 2004 hearing, the ALJ questioned Plaintiff concerning her injuries, her daily activities, and her ability to function on a daily basis (R. 272-302). In his decision, the ALJ articulated reasons for finding Plaintiff's subjective complaints of pain unpersuasive. He stated that "the claimant's daily functioning is not reflective of a totally incapacitated individual," and noted that evidence showed she "participates in activities not commensurate with a physically handicapped individual, such as doing some exercises on her back, driving, making beds and some house cleaning, including laundry, walking slowly 1/4 of a mile and rapidly 1-2 blocks" (R. 18). The ALJ further noted:

> All of the pertinent records have been reviewed and the claimant's testimony has been fully considered. However, the overall record fails to show evidence of

significant deficits in daily functioning secondary to a physical disorder. During the hearing, at which time the claimant was neat in appearance and appropriately dressed, she testified that she occasionally washes dishes, does the laundry, grocery shops, and shops at malls (R. 18).

As permitted by the Eleventh Circuit, the ALJ relied on the vocational expert's ("VE") testimony in response to a hypothetical in making his determination. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). At the July 13, 2004 hearing, the VE testified that a person with Plaintiff's age, education, experience, and RFC could perform Plaintiff's past relevant work as it is generally performed in the national economy (R. 305). To the extent that Plaintiff alleged additional symptoms causing additional limitations, the ALJ, acting within his discretion, found her not credible in light of the medical evidence documenting improvement in her low back condition following her surgery and lack of therapy, ambulatory aids, or in patient or emergency care (R. 17). He noted her overall discomfort was adequately maintained on intermittent epidural steroid injections and daily pain medications, and noted that her increased pain several months prior to the hearing was not supported by the medical evidence and that her heart and hypertension were asymptomatic and well-controlled respectively during the relevant time period (R. 18).

Because the objective medical evidence and other record evidence do not support the Plaintiff's subjective complaints, I find the ALJ properly discounted her pain testimony. In his decision, the ALJ explained his reasons for discrediting Plaintiff and following the regulatory requirements. To the extent that Plaintiff contends the ALJ should have referenced specific medical evidence in his decision, she seeks to hold the ALJ to a higher standard than that required by law. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (recognizing there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as his decision is not a broad rejection interfering with the court's determination of whether the ALJ considered her

medical condition as a whole).

### 2. *ALJ properly assessed her credibility*

Plaintiff claims the ALJ erred by discrediting her testimony in contravention of Social Security Regulation 96-7p. This is essentially the same contention of error discussed above, as SSR 96-7p was promulgated to clarify the requirements of 20 CFR § 404.1529 (discussed above). The ruling requires the ALJ to carefully consider subjective symptoms with the rest of the relevant evidence in the record in reaching a conclusion about a claimant's credibility and requires the ALJ to "consider the entire record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." Importantly, the ruling states:

> It is in "not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible. It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p requires the ALJ to consider medical signs and laboratory findings, diagnosis, prognosis, and medical opinions from treating and examining physicians or psychologists, and statements and reports from Plaintiff, treating or examining physicians or psychologists and other persons about the Plaintiff's medical history, treatment and response, prior work record and efforts to work, daily activities, and other information concerning the Plaintiff's symptoms and how the symptoms affect the Plaintiff's ability to work. As stated previously, the Eleventh Circuit pain standard incorporates this scheme by requiring: (1) evidence of an underlying medical condition and either (a) objective

medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote, supra,* at 1560-61; *Landry, supra,* at 1553.

Because I already discussed the ALJ's consideration of the objective medical evidence and other record evidence, concluding they provided no support for the Plaintiff's subjective complaints, there is no need to repeat the analysis here. The objective medical evidence and other record evidence do not support the Plaintiff's subjective complaints, I find the ALJ properly discounted her testimony, even citing to SSR 96-7p in his analysis (R. 17). Plaintiff relies on *Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir. 1997), for the proposition that Plaintiff's ability to perform daily activities is not dispositive of her ability to perform work on a sustaining basis. However, in *Lewis* the court concluded the ALJ erred in relying on the claimant's participation in housework and fishing together with the opinions of consulting physicians as a basis for discrediting the treating physicians' opinions. Here, the ALJ cited the claimant's participation in daily activities because they were consistent with the medical evidence and physician opinions, not because they were inconsistent with same.

### 3. ALJ properly applied SSR 96-2p

Plaintiff argues that the ALJ failed to properly apply Social Security Regulation 96-2p. She specifically asserts the ALJ did not discuss the weight given to the opinions of her treating doctors, as is required by the ruling. The Commissioner responds that the ALJ adequately discussed and evaluated the medical records as a whole and applied the correct legal standard.

The purpose of SSR 96-2p is to determine when treating source medical opinions are entitled to controlling weight. If a treating source's medical opinion is well-supported and not inconsistent

with the other substantial record evidence, it must be given controlling weight. 20 C.F.R. § 404.1527(c)(1) and (c)(2); SSR 96-2p. The ALJ discussed and evaluated the medical evidence provided by all of the Plaintiff's treating physicians, including Drs. Constantine Bouchlas, Webb, Hanna, and Dietriech (R. 15-17). I find he properly relied on all the medical opinions offered in the record and gave proper weight to each physician. Further, Plaintiff has failed to establish, even generally, how the ALJ gave undue weight to any particular medical opinion or identified an opinion indicating that her impairments prevented her from performing the reduced range of light work the ALJ found her capable of performing. Hence, she has not identified any inconsistencies contained in the record. Accordingly, I find the ALJ"s decision denying Plaintiff benefits is supported by the records as a whole.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is DISMISSED and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED in chambers at Tampa, Florida on this 1st day of February, 2007.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE